UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

VIRGINIA GUZMAN, on behalf of      :
Jeremy Martinez,
                                   :
                    Plaintiff,
                                   :
     -against-
                                   :
COMMISSIONER OF SOCIAL SECURITY,
                                   :
                    Defendant.
                                   :
----------------------------------X



12 Civ. 2266 (TPG)(HBP)

OPINION
AND ORDER

           PITMAN, United States Magistrate Judge:

           By notice of motion dated March 16, 2012 (Docket Item

3), plaintiff seeks the appointment of pro bono counsel.[1]  For

the reasons set forth below, the application is conditionally

granted.

-------------------------

           [1]In a civil case, such as this, the Court cannot actually
"appoint" counsel for a litigant.  Rather, in appropriate cases,
the Court submits the case to a panel of volunteer attorneys.
The members of the panel consider the case, and each decides
whether he or she will volunteer to represent the plaintiff.  If
no panel member agrees to represent the plaintiff, there is
nothing more the Court can do.  See generally Mallard v. United
States District Court, 490 U.S. 296 (1989).  Thus, even in cases
where the Court finds it is appropriate to request volunteer
counsel, there is no guarantee that counsel will actually
volunteer to represent plaintiff.  Because there are more cases
on the list than the members of the panel can handle, the
submission of a case to the Pro Bono Panel does not guarantee
that plaintiff will get counsel.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

The Court of Appeals for the Second Circuit has

> stated in various ways the applicable standard for
> assessing the merits of a pro se litigant's claim.   In
> Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)],
> [the court] noted that "[e]ven where the claim is not
> frivolous, counsel is often unwarranted where the
> indigent's chances of success are extremely slim," and
> advised that a district judge should determine whether
> the pro se litigant's "position seems likely to be of
> substance," or showed "some chance of success."   Hodge,
> 802 F.2d at 60-61 (internal quotation marks and cita-
> tion omitted).   In Cooper v. A. Sargenti Co., [the
> court] reiterated the importance of requiring indigent
> litigants seeking appointed counsel "to first pass the
> test of likely merit."   877 F.2d 170, 173 (2d Cir.
> 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204

(2d Cir. 2003).

This action is brought by the mother of Jeremy Marti-
nez, and is an appeal from the denial an application for Supple-
mental Security Income ("SSI") Benefits filed on behalf of
Jeremy.   According to documents filed as part of the complaint
and the administrative record, Jeremy was born in March 2006, is
currently eight years of age and suffers from developmental
delays, speech delays and motor delays.   Jeremy's mother is not
an attorney.

Although Jeremy and his mother have no automatic right
to the appointment, the Court of Appeals has explained that
District Courts should be particularly careful with respect to

3

applications for counsel in actions for SSI benefits brought on

behalf of minors:

> We emphasize that district courts should not
> automatically refuse to appoint counsel simply because
> non-attorney parents may proceed on their own in SSI
> cases.  We have held that in determining whether to
> appoint counsel for an indigent litigant a district
> court judge should first consider "whether the indi-
> gent's position seems likely to be of substance," then
> assess the litigant's competence to proceed pro se, the
> complexity of the issues, and additionally "any special
> reason in that case why appointment of counsel would be
> more likely to lead to a just determination." Wenger,
> 146 F.3d at 125 (quoting Hodge v. Police Officers, 802
> F.2d 58, 61-62 (2d Cir. 1986)).  In those cases where
> the claimant's position seems likely to be of sub-
> stance, the district court must undertake a searching
> examination into the claimant's competence, and assure
> itself of that competence.  Even after an initial
> denial of the motion to appoint counsel, district
> courts should continually assess whether counsel should
> be appointed because the need for the appointment of
> counsel may not have become apparent at the time of the
> initial denial of the motion to appoint counsel.  There
> will be cases where, for example, the issues are suffi-
> ciently significant or complex so that a non-attorney
> parent will not be able to proceed without compromising
> the rights of his or her child. The approach of the
> district court in the case before us is instructive.
> While [the District Judge in this matter] initially
> denied the plaintiff's motion for appointment of coun-
> sel, he noted that he would appoint counsel if it
> became apparent that "as the case progresses that
> Patricia Machadio needs help to protect her daughter's
> rights . . . ."  That course is in keeping with the
> view that district courts should not rely on the fact
> that non-attorney parents may proceed on behalf of
> their children in SSI cases to treat those cases less
> favorably when deciding whether to appoint counsel.
> Certainly, where the district court harbors any doubt
> about the abilities of the non-attorney parent in a
> matter involving a substantial claim, counsel should be

4

appointed. Under the law, children -- society's future -- deserve no less.

Machadio v. Apfel, 276 F.3d 10, 107-08 (2d Cir. 2002).

Assessing whether a claim has substance is particularly difficult in pro se social security cases. The form complaint does not ask the plaintiff to identify the grounds for the appeal and most pro se plaintiffs do attempt to do so. The legal standards are technical and not intuitive.[2] The administrative records are usually lengthy and routinely include substantial amounts of hand-written material that utilize technical terms and medical shorthand. In short, the potential merit of a social security appeal is rarely discernable on the basis of a cursory review.

I conclude that the most prudent course of action is to provisionally appoint counsel to represent plaintiff so that I can have the benefit of an assessment of the record by an attorney. Assuming a member of the Pro Bono Panel volunteers to represent plaintiff, I would be inclined to grant an application

---

[2]For example, the regulations applicable to determining whether an individual is disabled and eligible to receive SSI benefits define limits on "sitting, standing, walking, lifting, carrying, pushing, and pulling" as exertional limitations while limits on "reaching, handling, stooping, climbing, crawling, or crouching" are nonexertional limitations. 20 C.F.R. § 220.135(b), (c)(1)(vi). I doubt that most individuals would consider sitting to be an exertional activity or stooping, climbing and crawling to be nonexertional activities.

5

by that attorney to be relieved if, after reviewing the record and interviewing Jeremy and his mother, that attorney determines that appeal lacks substance.

Accordingly, subject to the provision set forth in the preceding paragraph, plaintiff's application for pro bono counsel is granted and the Office of the Pro Se Attorney is directed to add this matter to the list of cases submitted for the Pro Bono Panel's consideration.

Dated:   New York, New York
         February 6, 2015

                              SO ORDERED

                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Ms. Virginia Guzman
Apt. 4-E
2760 Grand Concourse
Bronx, New York   10458

Susan D. Baird, Esq.
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York   10007